IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERI JOHNSON,

      Plaintiff,

v.

VELOCITY INVESTMENTS, LLC;
NORTHLAND GROUP, INC.; and
GLOBAL CREDIT COLLECTION
CORP.,

      Defendants.

CIVIL ACTION FILE NO.

1:17-cv-1161-WSD-JKL

## FINAL REPORT AND RECOMMENDATION

This is a consumer protection case arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*  The case is before the Court on Plaintiff Sheri Johnson's Petition for Fees and Costs in which Plaintiff seeks entry of judgment pursuant to Federal Rule of Civil Procedure 68 and an award of attorney fees and costs her counsel incurred in prosecuting this action.  [Doc. 45.] Defendants Velocity Investments, LLC ("Velocity"), Northland Group, Inc. ("Northland"), and Global Credit Collection Corp. ("Global") oppose the calculation of Plaintiff's attorney fees.  [Doc. 48.]  Johnson has filed a reply.  [Doc.

49.]  On February 26, 2018, I held oral argument on the motion.  [Doc. 52.]  For the reasons that follow, I **RECOMMEND** that the motion be **GRANTED IN PART AND DENIED IN PART** and that judgment be entered in favor of Plaintiff and against Defendants pursuant to Federal Rule of Civil Procedure 68.

## I.      Procedural Posture

Johnson filed this lawsuit on March 31, 2017, alleging that Defendants violated the FDCPA by attempting to collect on a consumer debt that Johnson and Velocity had settled.  [*See* Doc. 1.]  On August 3, 2017, Johnson amended her complaint to assert that each alleged violation of the FDCPA also constituted a violation of the Georgia Fair Business Practices Act ("GFBPA") and to add a state law claim for breach of the settlement agreement and for specific performance. [*See* Doc. 23.]  On November 20, 2017, Johnson accepted an offer of judgment pursuant to Federal Rule of Civil Procedure 68, pursuant to which (1) Johnson would take a judgment against Defendants in the amount of $3,001 and (2) the judgment would include all reasonable attorney fees and costs associated with prosecution of this lawsuit, provided that if they could not agree on the amount of fees and costs, the Court would determine the amount.  [*See* Docs. 43, 43-1.]

On November 20, 2017, Johnson also filed the instant motion for attorney fees and costs, seeking a total of $570.65 in actual costs and $30,582.50 in attorney fees.[1]  [Doc. 45.]  In support of her motion, Johnson attaches an affidavit of her counsel, Daniel E. DeWoskin, who describes the calculation of the costs, provides a justification for his requested hourly rate of $325.00 per hour, and sets out the time expended in prosecuting this case.  [*See* Doc. 45-2 (Aff. of Daniel E. DeWoskin).]

On December 18, 2017, Defendants responded to the motion.  [Doc. 48.] Defendants do not dispute the calculation of costs or the reasonableness of Mr. DeWoskin's hourly rate.  Defendants object, however, to the reasonableness of the time that Mr. DeWoskin spent prosecuting this case.  Defendants urge the court to either reduce the requested fees across-the-board, or to go through each entry in Mr. DeWoskin's affidavit and adjust excessive entries downward.  [*Id.* at 4-15.] Defendants also argue that Johnson was only partially successful on her claims, in that she did not prevail on her breach of contract or specific performance claim, and did not obtain treble or exemplary damages.  [*Id.* at 15-17.] Finally, Defendants

---

[1] Plaintiff's motion incorrectly states that Plaintiff is seeking $31,153.15 in attorney fees.  [*See* Doc. 45 at 1.]  That figure is actually the sum of the costs ($570.65) and the requested attorney fees ($30,582.50).

3

contend that, if the Court determines that the request for fees is not supported by sufficient evidence, the Court should not consider additional evidence and instead make a fee determination based solely on the record before it.  [*Id.* at 17-18.]

On December 27, 2017, Johnson filed a reply in support of her motion.  [Doc. 49.]  She concedes that her request for attorney fees erroneously double-counted an entry of 9.2 hours for reviewing a pleading, and attaches a revised version of Mr. DeWoskin's affidavit.  [*Id.* at 1; *see also* Doc. 49-1 (Second Affidavit of Daniel E. DeWoskin).]  Johnson also requests, for the first time on reply, recovery of attorney fees for briefing relating to the motion for fees.  [Doc. 49 at 3.]  Otherwise, Johnson stands on her prior arguments as to the reasonableness of Mr. DeWoskin's requested fees.

## II.   DISCUSSION

### A.   Applicable Standard

The FDCPA authorizes the Court to award reasonable attorney fees and costs to a plaintiff who brings a "successful action" to enforce her rights under the FDCPA.  15 U.S.C. § 1692k(a)(3).  The Eleventh Circuit has held that in determining the amount of fees to be awarded, the Court should multiply the number of hours reasonably expended by a reasonable hourly rate to calculate the

4

"lodestar." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1984); *see also Stewart v. Regent Asset Mgmt. Sols.*, No. 1:10-CV-2552-CC-JFK, 2011 WL 1766018, at *8 (N.D. Ga. May 4, 2011) (applying lodestar approach to determine award of fees under FDCPA).  The party seeking attorney fees may establish a reasonable hourly rate by presenting evidence of the prevailing market rate in the community for similar legal services by comparable lawyers.  *Stewart*, 2011 WL 1766018, at *8.  The amount of time that is compensable is the number of hours reasonably expended on the action.  *Id.*

In establishing a reasonable hourly rate, Court may rely on its own expertise and, where appropriate, consider other factors including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

5

Fee applicants must exercise "billing judgment" by excluding from their fee applications "excessive, redundant, or otherwise unnecessary [hours]." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999). For the Court to determine whether the applicant's requests are "excessive, redundant, or otherwise unnecessary," courts in the Eleventh Circuit perform a task-by-task examination of the hours billed, unless the fee application is voluminous. *Id.* at 429; *see also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1367 (N.D. Ga. 2011). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Barnes*, 168 F.3d at 428.

The fee applicant bears the burden of showing the reasonableness of hours requested and to provide "specific and detailed evidence" to support the fee request. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988). The opponent of a fee request must make specific and reasonably precise objections. *Id.* at 1301. "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and therefore, it must appear that the time claimed is obviously and convincingly excessive under the

circumstances." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). But "giving weight to sworn statements of fee applicants does not mean accepting those statements as gospel.  Courts should not delegate their duty to examine and judge the reasonableness of fee applications to the applicants." *Barnes*, 168 F.3d at 430.  "[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. at 428. "[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." *Norman*, 836 F.2d at 1303.  In addition, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.*

### B.   Analysis

#### 1.   Reasonable Hourly Rate

Mr. DeWoskin requests approval of an hourly rate of $325.00 for his work in this matter.  Defendants do not challenge that rate.  Based on the information provided by Mr. DeWoskin as well as the Court's own expertise in the reasonableness of an hourly rate in a case such as this, I find that $325 an hour is a

reasonable hourly rate.  In particular, Mr. DeWoskin has represented that he has been practicing law in this jurisdiction since 2002, that his law practice focuses in part on consumer law, and that he has familiarity with consumer protection law, including the FDCPA and the GFBPA.  [Second DeWoskin Aff. ¶¶ 13-14.]  In addition in 2010, Mr. DeWoskin's request for attorney fees based an hourly rate of $300 was approved by another judge on this court [*id.* ¶ 15], and since then other judges on this Court have approved hourly rates of $325 in similar litigation.  *See, e.g., Frazier*, 767 F. Supp. 2d at 1367 (determining that rate of $325 per hour was reasonable for an attorney in an FDCPA case).  Moreover, this Court is aware of the Atlanta legal market for consumer protection litigation by attorneys of similar skill, experience, and reputation as Mr. DeWoskin.  For these reasons, I conclude that $325 is a reasonable hourly rate for Mr. DeWoskin.

### 2.    Reasonableness of Compensable Hours

Mr. DeWoskin states that he spent a total of at least 109.1 hours on this case, for a total of $35,457.50 in attorney fees.  [*See* Second DeWoskin Aff. ¶¶19-42.] Because the fee request in this case is not voluminous, I have undertaken a task-by-task assessment of Mr. DeWoskin's fee petition.

8

As a threshold matter, I note that Mr. DeWoskin could have done a better job of documenting his time in this case. The Eleventh Circuit has explained that "fee counsel should . . . maintain[] records to show the time spent on the different claims, and the general subject matter of the time expenditures must be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* Here, Mr. DeWoskin has provided two affidavits in which he summarizes the time spent in connection with this case. In each affidavit, he describes various tasks that he performed and states the amount of time that he spent on each task. But both affidavits contain numerous errors that cause me to question just how reliable the affidavits are. These errors include double-counting for time; billing for tasks that apparently were not performed; and failing to accurately or completely describe the work performed. Presumably these errors could have been avoided had Mr. DeWoskin simply provided his time records that he states he maintained in a spreadsheet. [*See* Second DeWoskin Aff. ¶ 18.] He did not furnish the spreadsheet to the Court, however.

9

In any event, I have reviewed the time entries in Mr. DeWoskin's second affidavit and have exercised my own billing judgment as to certain tasks to determine the reasonable number of hours.  After thorough review, I conclude that the time claimed on the following tasks is excessive and recommend reducing the claimed amounts accordingly.

- Counsel's claim that he spent .5 hours "preparing the necessary Summons, Rule 4(d) Request for Waivers, and other papers that were necessary for filing with the Court for three (3) separate Defendants" should be reduced to zero hours, as those tasks are clerical and not compensable.[2]  [*See* Second DeWoskin Aff. ¶ 22.]  *See Classic Harvest LLC v. Freshworks LLC*, No. 1:15-CV-2988-WSD, 2017 WL 393730, at *2 (N.D. Ga. Jan. 30, 2017) (reducing fee petition seeking reimbursement for clerical work as attorney time).

- Counsel's claim that he spent 4.1 hours "preparing Plaintiff's Motion for Default Judgment" should be reduced to zero hours.  [*See* Second DeWoskin Aff. ¶ 23.]  As pointed out in the Court's Order of June 18,

---

[2] Counsel conceded at oral argument that clerical time was not compensable attorney time.

10

2017, Johnson's motions for entry of a default judgment were premature because the Clerk's entry of a party's default is a prerequisite to the application for entry of a default judgment, and the Clerk had not entered default as to either defendant.  [*See* Doc. 18 at 4 (citing *Bonny v. Benchmark Brands, Inc.*, 1:16-cv-3150-WSD, 2017 WL 1216926, at *1 (N.D. Ga. Mar. 10, 2017)).]  Thus, the motion itself was procedurally improper and unnecessary.  Moreover, even if the motions were proper, each was a single page in length and could not possibly have taken 4.1 hours to prepare.

• Counsel's claim for 8.0 hours for "reviewing the Answer and Affirmative Defenses of Velocity and Northland" should be reduced to 1.5 hours.  [*See* Second DeWoskin Aff. ¶ 24.]  I have reviewed the Answer, and cannot find that a full eight-hour workday was required to review it.  [*See* Doc. 11.]  Although Velocity and Northland jointly answered the complaint, the answer was not so complicated that counsel would have required more than an hour and a half to review.

• Counsel's claim that he spent 2.3 hours "reviewing Defendants' opposition to Plaintiff's Motion for Default Judgment" should be

11

reduced to zero.  [*See* Second DeWoskin Aff. ¶ 25.]  Defendants did not file an opposition to the motion for default judgment; thus, this time is both unnecessary and unreasonable.

- Counsel's claim for 2.3 hours spent "reviewing Defendants' Motion for Leave to file an out-of-time Answer," should be reduced to .1 hours.  [*See* Second DeWoskin Aff. ¶ 26.]  The motion for leave to file an out-of-time answer was, substantively, only three pages long, and it is not reasonable for counsel to have spent more than .1 hours reviewing that document.  Attached to the motion was a copy of Velocity and Northland's Answer, which counsel already reviewed. Thus, any time spent reviewing the answer attached to the motion was duplicative.

- Counsel's claim for 4.1 hours for drafting and filing Johnson's Motion for Leave to Amend the Complaint and also to draft the Amended Complaint itself" should be reduced to zero hours.  [*See* Second DeWoskin Aff. ¶ 28.]  Johnson sought leave to amend the complaint for two reasons, neither of which justifies fee-shifting.  First, Johnson sought leave to amend the complaint because her counsel failed to

12

timely serve Global and dismissed it from the case. Specifically, Global was initially named as a defendant in this action, but Johnson failed to serve Global within 90 days under Federal Rule of Civil Procedure 4(m); thus, she voluntarily dismissed Global as a defendant. [Doc. 15.] The amended complaint sought to add Global back as a defendant. Thus, the time spent to correct the procedural hiccup involving Global was caused entirely by Johnson's counsel, and it would be unfair to saddle Defendants with the associated fees.[3] Second, Johnson also amended the complaint to assert additional claims under the GFBPA, a state law contract claim, and a request for specific performance. Those additional claims added nothing of substance to this case; the GFBPA claim was entirely redundant of the FDCPA claim, and the parties' Rule 68 offer of judgment—under which Defendants offered for judgment to be taken against them in the amount of one dollar in excess of the FDCPA statutory damages— does not include any damages attributable to the GFBPA or breach of

---

[3] Indeed, I question whether a client would be willing to pay her counsel to correct a mistake of counsel's own making.

13

contract claim.[4]  Nor has Johnson obtained an equitable relief relating to the parties' settlement agreement.

- Counsel's claim for 3.2 hours for "drafting and filing Plaintiff's Motion for Leave to Add Defendant Global" should be reduced to zero hours.  [*See* Second DeWoskin Aff. ¶ 29.]  As just explained, this time was spent in an effort to correct a mistake Johnson's counsel made. Counsel should not be rewarded for spending time that was otherwise not necessary.

- Counsel's claim for .7 hours spent "reviewing the Court's Order granting Plaintiff's Motion for Leave to Amend the Complaint" should be reduced to .1 hours.  [*See* Second DeWoskin Aff. ¶ 30.] The order referenced in this entry was only three pages long and counsel could have reviewed it in six minutes or less.

---

[4] Johnson's initial disclosures support the conclusion that the offer of judgment here reflects only relief under FDCPA.  In Johnson's initial disclosures, which post-date the filing of the amended complaint, she states that she is seeking statutory damages of $1,000 under the FDCPA and attorney fees, also under the FDCPA.  [Doc. 34 at 4.]  She makes no mention of other categories of damages or relief.

- Counsel's claim for 8.0 hours spent "reviewing the Amended Answer and Affirmative Defenses of Velocity and Northland" should be reduced to zero hours.  [*See* Second DeWoskin Aff. ¶ 31.]  As just discussed, Johnson's amended complaint was the result of her counsel's own mistake and added nothing of substance to this lawsuit. Thus, this expenditure of time is not necessary.

- Counsel's claim for 9.2 hours spent "reviewing the Answer and Affirmative Defenses of Global and comparing Global's Answer to those of Velocity and Northland" should be reduced to 1.5 hours.  [*See* Second DeWoskin Aff. ¶ 32.]  As discussed above, based on the Court's own expertise in this area, 1.5 hours is more than sufficient for Johnson's counsel to review Global's answer and compare it to the co-defendants' answer.

- Counsel's claim for 3.8 hours preparing and serving Johnson's initial disclosures should be reduce to .5 hours.  [*See* Second DeWoskin Aff. ¶ 33.]  Johnson's initial disclosures are only five pages in length, and the bulk of the work appears to have been spent on preparing a concise

15

statement of the case, which spanned roughly three-quarters of a page.
[*See* Doc. 34 at 1-2.]

- Counsel's claim for 1 hour preparing and serving three notices of deposition is excessive and should be reduced to .3 hours.  [*See* Second DeWoskin Aff. ¶ 38.]  The notices of deposition are standard documents that would not have taken more than six minutes each to prepare.  [Docs. 39, 40, 41.]  Johnson notes that her counsel had difficulty scheduling depositions with opposing counsel; however, the time preparing the notices themselves would not have increased as a result.  Moreover, it appears that communications with opposing counsel are captured in another time entry relating to email exchanges with opposing counsel.  [*See* Second DeWoskin Aff. ¶ 40.]

- Counsel's claim for a total of 24.2 hours drafting Johnson's motion for attorney fees, reviewing Defendants' opposition, and drafting a reply should be reduced by two thirds to 8.1 hours.  [*See* Second DeWoskin Aff. ¶ 41.]  As a preliminary matter, it appears that fees incurred in seeking attorney fees (known as "fees-on-fees") are compensable in this Circuit.  *See Wolff v. Royal Am. Mgmt., Inc*., 545

16

F. App'x 791, 796 (11th Cir. 2013) (noting that "compensable fees include time spent litigating both the entitlement to and amount of fees incurred; *i.e.* "fees for litigating fees") (citing *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003); *see also Arlozynski v. ARS Nat'l Servs., Inc.,* No. 8:11-CV-196-27MAP, 2012 WL 2793062, at *4 (M.D. Fla. June 5, 2012), *report and recommendation adopted as modified*, 2012 WL 2793019 (M.D. Fla. July 9, 2012).  Though compensable, I cannot agree that 24.2 hours was a reasonable amount of time to spend working on the motion for fees.  The fee petition and the reply were relatively straightforward, and as detailed above, the fee petition and supporting affidavit were contained errors that could have easily been avoided.  In sum, 8.1 hours is the maximum number of hours for which a client would be willing to pay for Mr. DeWoskin's work on this activity.

In sum, after thoroughly reviewing the parties' briefs and the record in this case, and considering the argument of counsel at the February 26, 2018 hearing, I conclude that Mr. DeWoskin's claim for 109.1 hours should be reduced to 49.8

17

hours, which equals a reduction of the requested fee from $35,457.50 to $16,185.00.

### 3.    Adjustment of Lodestar

Given my recommendation that Johnson's counsel's compensable hours be reduced by over half, I conclude that no reduction of the lodestar is warranted in this case.

### 4.    Summary

For the foregoing reasons, I **RECOMMEND** that attorney fees in the total amount of $16,185.00 (49.8 × $325.00) be awarded to Johnson.

### C.    Costs

Finally, Johnson seeks to recover costs in the total amount of $570.65.  [*See* Second DeWoskin Aff. ¶¶ 5-12.]  Defendants do not object to that request, and I am satisfied that the requested costs are reasonable.   Accordingly, it is **RECOMMENDED** that costs be awarded in the total amount of $570.65.

## III.   Conclusion

For the reasons stated above, I **RECOMMEND** that Johnson's Petition for Fees and Costs [Doc. 45] be **GRANTED IN PART AND DENIED IN PART.**  I

further **RECOMMEND** that judgment be entered in favor of Johnson pursuant to

Federal Rule of Civil Procedure 68 and against Defendants as follows:

| | |
|---|---:|
| Damages | $3,001.00 |
| Costs | $570.65 |
| Attorney Fees | $16,185.00 |
| **TOTAL** | **$19,756.65** |

The Clerk is further **DIRECTED** to terminate this reference to the undersigned.

>     **IT IS SO RECOMMENDED** this 12th day of March, 2018.

JOHN K. LARKINS III
United States Magistrate Judge

19