IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERI JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>VELOCITY INVESTMENTS, LLD;<br>NORTHLAND GROUP, INC.; and<br>GLOBAL CREDIT COLLECTION<br>CORP.,<br><br>      Defendants. | 1:17-cv-1161-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [53] ("Final R&R"). The Final R&R recommends that the Court grant in part and deny in part Plaintiff Sheri Johnson's Petition for Fees and Costs [45] and that judgment be entered in favor of Plaintiff and against Defendants pursuant to Federal Rules of Civil Procedure 68.

**I. BACKGROUND**

This is a consumer protection case arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Johnson filed this lawsuit on March 31, 2017, alleging that Defendants violated the FDCPA by attempting to collect on a consumer debt that Johnson and Velocity had settled ([1]) and

amended her complaint to allege violation of the Georgia Fair Business Practices Act ("GFBPA") and to add a state law claim for breach of the settlement agreement and for specific performance ([23]).  On November 20, 2017, Johnson accepted an offer of judgment pursuant to Federal Rule of Civil Procedure 68, pursuant to which (1) Johnson would take a judgment against Defendants in the amount of $3,001 and (2) the judgment would include all reasonable attorney fees and costs associated with prosecution of this lawsuit, provided that if they could not agree on the amount of fees and costs, the Court would determine the amount. ([43], [43.1]).

On November 20, 2017, Johnson also filed the instant motion for attorney fees and costs, seeking a total of $570.65 in actual costs and $30,582.50 in attorney fees. ([45]).  Defendants object to the reasonablness of the time Plaintiff's counsel spent prosecuting this case and argue that Plaintiff was only partially successful on her claims.

On February 26, 2018, the Magistrate Judge heard oral argument on Plaintiff's motion.  On March 12, 2018, the Magistrate Judge issued his Final R&R [53].  The Magistrate Judge recommended that judgment be entered in favor of Plaintiff pursuant to Fed. R. Civ. P. 68 in the amount of $19,756.65, representing damages of $3,001.00, a reduced fee award of $16,185.00 (49.8 hours worked at a

billable rate of $325.00), and costs of $570.65.  Neither party filed objections to the Final R&R.  ([53] at 18-19).

## II.  LEGAL STANDARDS

### A.  Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.  Applicable Standard

The FDCPA authorizes the Court to award reasonable attorney fees and costs to a plaintiff who brings a "successful action" to enforce her rights under the FDCPA. 15 U.S.C. § 1692k(a)(3).  The Eleventh Circuit has held that in determining the amount of fees to be awarded, the Court should multiply the number of hours reasonably expended by a reasonable hourly rate to calculate the "lodestar."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1984); see also Stewart v. Regent Asset Mgmt. Sols., No. 1:10-CV-2552-CC-JFK, 2011 WL

1766018, at *8 (N.D. Ga. May 4, 2011) (applying lodestar approach to determine award of fees under FDCPA).  The party seeking attorney fees may establish a reasonable hourly rate by presenting evidence of the prevailing market rate in the community for similar legal services by comparable lawyers.  Stewart, 2011 WL 1766018, at *8.  The amount of time that is compensable is the number of hours reasonably expended on the action.

## III. DISCUSSION

After thoroughly reviewing the parties' briefs, the record in the case, and considering the argument of counsel during the February 2018 hearing, the Magistrate Judge concluded that Plaintiff's counsel's claim for 109.1 hours should be reduced to 49.8 hours, which equals a reduction in the requested fee from $35,457.50 to $16,185.00.  The Magistrate Judge meticulously considered the time claimed, explained how time claimed for certain tasks was excessive, and recommended a reduction for those tasks.  The Court finds no plain error in these findings or recommendation.  See Slay, 714 F.2d at 1095.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [53] is **ADOPTED**.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 68 as follows:

| | |
|---|---:|
| Damages | $3,001.00 |
| Costs | $570.75 |
| Attorney Fees | $16,185.00 |
| **TOTAL** | $19,756.65 |

**SO ORDERED** this 14th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE